UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| HARJEET SINGH,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26-CV-1595-CCB-SJF |

**OPINION AND ORDER**

Immigration detainee Harjeet Singh, by counsel, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging he is being unlawfully detained in violation of the laws or Constitution of the United States. (ECF 1.)

Mr. Singh is a citizen of India who entered the United States without inspection in 2015. (ECF 6-1 at 7.) He was detained at the United States-Mexico border in Arizona and served with a notice to appear in immigration court. (*Id.*; ECF 1-4.) In 2015, an immigration judge in Arizona granted him release on $14,000 bond. (ECF 1-3.) In 2016, he was arrested for larceny in California. (*See* ECF 6-1 at 7; ECF 1-9 at 8.) In 2023, an immigration judge found him not credible and ordered him removed to India. (ECF 1-10.) He appealed, and in 2024, the Board of Immigration Appeals ("BIA") reversed and remanded for further proceedings. (*Id.* at 2-3.)

On September 22, 2026, he was stopped by police in Indiana and cited for a traffic infraction. (ECF 1-7; ECF 6-1 at 6.) He was then taken into custody by agents of United States Immigration and Customs Enforcement (ICE) in Indiana pursuant to an

administrative warrant. (ECF 6-1 at 4, 6.) He is currently detained at Miami Correctional Facility pending the conclusion of his removal proceedings. (ECF 1.) He was given a bond hearing before an immigration judge on October 22, 2026, but the judge denied bond after concluding that he posed a danger to the community and a flight risk. (ECF 6-1 at 2.) On November 3, 2026, the immigration judge ordered him removed to India a second time. (ECF 7-1.) His appeal to the BIA is currently pending. (*Id.*)

Mr. Singh asserts that the government did not properly terminate the bond he posted in 2015 and had no reason to re-detain him in 2026. (ECF 1; ECF 7.) He further argues that the 2026 bond hearing violated Due Process principles because the judge relied on inaccurate information in making his decision. (ECF 1; ECF 7.) He seeks immediate release from custody under the conditions of his prior bond or, alternatively, a "constitutionally adequate" bond hearing. (ECF 1 at 20-21.)

In an order to show cause, the court directed the Warden to address the petition in light of *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026), and other cases concluding that the detention of noncitizens who are arrested within the interior of the United States is governed by 8 U.S.C. § 1226(a) rather than 8 U.S.C. § 1225(b)(2). (ECF 2.) The parties were instructed only to brief "what is different or new, not what has been decided, and those issues particular to this petitioner." (*Id.* at 4.) The Warden filed an answer (ECF 6), and Mr. Singh filed a reply (ECF 7).

As noted in the order to show cause, the Seventh Circuit recently joined a number of other courts in holding that "[a]liens present in the country without admission and not 'seeking admission' fall under Section 1226, not Section 1225(b)(2)(A), and are eligible for

bond hearings subject to the INA's other requirements."[1] *Cirrus Rojas,* 183 F.4th at 915; *see also De Jesús Aguilar v. English*, No. 3:25-CV-898 DRL-SJF, 2025 WL 3280219, 8 (N.D. Ind. Nov. 25, 2025); *Mejia Diaz v. Noem*, No. 3:25cv960, 2025 WL 3640419 (N.D. Ind. Dec. 16, 2025) (Brisco, J.); *Singh v. English*, No. 3:25cv962, 2025 WL 3713715 (N.D. Ind. Dec. 23, 2025) (Leichty, J.). In light of this decision, the Warden concedes that Mr. Singh's detention is governed by 8 U.S.C. § 1226, the "default rule" for detention of noncitizens who are "already present in the United States." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). (ECF 6.) The Warden nevertheless argues that Mr. Singh did not exhaust his administrative remedies related to the 2026 bond hearing. (*Id* at 7.) The Warden further argues that Mr. Singh has not demonstrated a Due Process error in connection with the 2026 bond hearing. (*Id.* at 10.) Mr. Singh counters that the Warden's arguments about the 2026 bond hearing ignore the fact that his 2015 bond was never properly revoked. (ECF 7.) He argues that the government's failure to follow proper procedures for revoking his bond means that he must be immediately released from custody. (*Id.*)

---

[1] A different panel of the Seventh Circuit concluded last year in ruling on a stay motion that the government was unlikely to succeed on its argument that the mandatory detention provision in § 1225(b)(2) applies to noncitizens arrested by ICE in the interior of the United States. *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048, 1061 (7th Cir. 2025). A split panel subsequently affirmed the judgment of the district court in part, but there was no majority consensus on the issue of whether 8 U.S.C. § 1225(b)(2) permits the mandatory detention of all noncitizens present in the United States without legal status. *See Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 175 F.4th 828 (7th Cir. 2026). One judge rejected the government's interpretation and another adopted it, while the third judge concluded there was no basis to reach that issue. *Id.* The First, Second, Third, Fourth, Sixth, Ninth, Tenth, and Eleventh Circuits have rejected the government's interpretation of § 1225(b)(2), whereas the Fifth and Eighth Circuits have approved it. *See Guerrero Orellana v. Moniz*, 188 F.4th 1 (1st Cir. 2026); *Buele Morocho v. Warden*, 189 F.4th 287 (3d Cir. 2026); *Lopez Garcia v. Guadian*, 190 F.4th 305 (4th Cir. 2026); *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026); *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026); *Hernandez Alvarez v. Warden*, 175 F.4th 1258 (11th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026); *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026). The Supreme Court recently granted certiorari in the Second Circuit case. *Rhoney v. Barbosa da Cunha*, No. 26-104, 2026 WL 2942994 (U.S. Oct. 1, 2026).

The parties agree that 8 U.S.C. § 1226 applies. (ECF 6.) That statute provides: "On a warrant issued by the Attorney General, an alien may be arrested and detained" while removal proceedings are pending, and the Attorney General "(1) may continue to detain the [noncitizen]; and (2) may release the [noncitizen] on (A) bond . . . or (B) conditional parole" until removal proceedings conclude. 8 U.S.C. § 1226(a). When a noncitizen has already been detained and released, as Mr. Singh has, § 1226(b) provides that "[t]he Attorney General at any time may revoke a bond or parole authorized under subsection (a), rearrest the alien under the original warrant, and detain the alien." The implementing regulations further provide:

> When an alien who, having been arrested and taken into custody, has been released, such release may be revoked at any time in the discretion of the district director, acting district director, deputy district director, assistant district director for investigations, assistant district director for detention and deportation, or officer in charge (except foreign), in which event the alien may be taken into physical custody and detained. If detained, unless a breach has occurred, any outstanding bond shall be revoked and canceled.

8 C.F.R. § 236.1(c)(9).

The Attorney General therefore had statutory authority to take Mr. Singh into custody a second time.[2] However, Mr. Singh argues that his $14,000 bond was never revoked in accordance with the agency's own procedures. He is correct that federal agencies are required by Due Process principles to follow their own regulations. *See United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954); *see also Zelaya Diaz v. Rosen*, 986

---

[2] The Board of Immigration Appeals (BIA) has recognized that "where a previous bond determination has been made by an immigration judge, no change should be made by a District Director absent a change of circumstance." *Matter of Sugay*, 17 I. & N. Dec. 637, 640 (BIA 1981). The court offers no opinion about whether changed circumstances exist, which is a matter for the agency to decide, and is only determining whether regulatory procedures were followed in connection with his current detention.

F.3d 687, 692 (7th Cir. 2021) (under *Accardi*, federal agencies are required to follow their own regulations, including those relating to the exercise of discretion); *Martinez Camargo v. I.N.S.*, 282 F.3d 487, 491 (7th Cir. 2002) ("[C]ourts have consistently demanded governmental compliance with administrative regulations designed to safeguard individual interests."). There is no indication that was done here.

Although a warrant was issued when Mr. Singh was re-detained in 2026, there is a distinction between the act of issuing an arrest warrant and the act of revoking bond set by an immigration judge, as they involve different forms and procedures. *See Singh v. English,* No. 3:26-CV-113-CCB-SJF, 2026 WL 456716, at *1 (N.D. Ind. Feb. 18, 2026) (Brisco, J.) (noting distinction between issuing administrative arrest warrant and revoking prior bond in immigration setting); *see also Camacho v. Warden*, No. 3:26-CV-709-DRL-SJF, 2026 WL 2349450, at *3 (N.D. Ind. Aug. 13, 2026) (Leichty, J.) (same). Additionally, the warrant for Mr. Singh's 2026 arrest was signed by a Supervisory Detention and Deportation Officer, or "SDDO," (ECF 6-1 at 4); this is not one of the officials listed in 8 C.F.R. § 236.1(c)(9) as being authorized to revoke bond. *See Mejia Diaz*, 2025 WL 3640419, at *8 ("An SDDO, a Supervisory Detention and Deportation Officer, is not among the people given the authority to revoke parole."). The Warden does not argue, nor is there evidence before the court to suggest, that an SDDO has been delegated bond revocation authority by the Attorney General. *See* 8 C.F.R. § 2.1. Although a second immigration judge determined that Mr. Singh should be denied bond after he was re-detained, an immigration judge is not authorized to revoke a prior bond under applicable regulations either. *See* 8 C.F.R. § 236.1(c)(9).

The Warden does not respond to Mr. Singh's argument that his $14,000 bond was never properly revoked in accordance with regulatory procedures. (*See* ECF 6.) It would be inappropriate for the court to construct arguments for either party. *See Clark v. Sweeney*, 607 U.S. 7, 9 (2025) ("In our adversarial system of adjudication, we follow the principle of party presentation. The parties frame the issues for decision, while the court serves as neutral arbiter of matters the parties present. To put it plainly, courts call balls and strikes; they don't get a turn at bat.") (internal citations and quotation marks omitted). Accordingly, based on the record, the court concludes that Mr. Singh's Due Process rights were violated when the government re-detained him without following its own procedures to revoke the bond he posted in 2015.

The court turns to the appropriate remedy. "[R]elease is the habeas remedy though not the 'exclusive' result of every writ, given that it is often appropriate to allow the executive to cure defects in a detention." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 137 (2020) (internal quotation marks and citation omitted); *see also Boumediene v. Bush*, 553 U.S. 723, 779 (2008) (describing habeas corpus as an "adaptable remedy"). The court considers that in 2015, the immigration judge required Mr. Singh to post a sizable monetary bond, signaling that the judge may have viewed him as "a poor bail risk." *See Matter of Andrade*, 19 I. & N. Dec. 488, 489 (BIA 1987). There is also evidence suggesting that Mr. Singh may have violated the terms of his bond when he was arrested for larceny in 2016 and/or when he was detained by police for a traffic violation in 2026. The court also considers that earlier this month an immigration judge denied his asylum application and ordered him removed from the United States; this could impact the determination of

whether he poses a risk of flight. *See id.* at 491 (noncitizen's potential eligibility for relief from removal can reflect on the likelihood of his appearance at removal proceedings). A second immigration judge recently concluded that he should not be permitted to remain at large because he poses a danger to the community and a flight risk.[3] (ECF 1-3.)

Under these circumstances, the court finds it appropriate to give an authorized official, as specified in § 236.1(c)(9), the chance to decide whether Mr. Singh's prior bond should be revoked and, if so, to follow proper procedures in revoking it. *See Camacho,* 2026 WL 2349450, at *3 (affording the Attorney General "a chance to perfect the legality of [petitioner's] detention by allowing an opportunity for an individual authorized under § 236.1(c)(9) to exercise his or her discretion and determine whether [his] parole should be revoked"); *see also Nielsen v. Preap*, 586 U.S. 392, 411 (2019) ("[A]s we have held time and again, an official's crucial duties are better carried out late than never."). If Mr. Singh's bond is not promptly revoked in accordance with applicable procedures, then he must be released on the terms of that bond. *See id.*; *see also Cardozo v. Bostock*, No. 2:25-cv-00871-TMC, 2025 WL 2592275, at *2 (W.D. Wash. Sept. 8, 2025) ("In modern habeas practice, courts often 'employ a conditional order of release,' which orders the government to release the petitioner unless it 'takes some remedial action' that corrects" the violation).

---

[3] Mr. Singh cites to this court's opinion in *Singh,* 2026 WL 456716, for the proposition that he is entitled to immediate release from custody due to the failure of officials to properly revoke his bond. There are factual differences in the two cases, including that Mr. Singh was found to be a danger to the community and a flight risk by an immigration judge following his re-detention, whereas no such finding was made regarding the petitioner in the earlier case. *See id.* at *2. In the interest of comity, the court finds it appropriate to permit the agency an opportunity to decide whether Mr. Singh should be released on the terms of his prior bond, or whether the bond should be revoked, before ordering his release. *Thuraissigiam*, 591 U.S. at 137.

For these reasons, the court:

(1) **CONDITIONALLY GRANTS** the petition (ECF 1) and **ORDERS** the Warden to release Harjeet Singh on or before **December 4, 2026**, under the terms of his prior bond unless his bond is revoked by an individual authorized to take such action under 8 C.F.R. § 236.1(c)(9);

(2) **DIRECTS** the clerk to email forthwith a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure compliance with this order; and

(3) **ORDERS** the Respondents to file proof of compliance with this order, showing that Harjeet Singh has been released or his bond has been revoked by an authorized individual, on or before **December 7, 2026.**

SO ORDERED on November 23, 2026.

*/s/ Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT